## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARILYN TAPPENDORF and | ) | |
| TIMOTHY TAPPENDORF, | ) | St. Clair County, Il |
| | ) | 21-L-0761 |
| Plaintiffs, | ) | |
| | ) | 3:21-cv-1247 |
| vs. | ) | |
| | ) | |
| WINDY HILL CREEK FARM, LLC, *et al.,* | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendant Climax Molybdenum Company ("Climax") by filing this Notice of Removal and related papers, removes this lawsuit from the Circuit Court of St. Clair County, Illinois, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

In support of removal, Defendant states:

1.      Plaintiff commenced this action in the Twentieth Judicial Circuit Court for St. Clair County, Illinois, on or about August 10, 2021 by filing a Complaint. Climax was served on September 10, 2021. A copy of the Complaint and any other papers filed in the State Court Action are attached collectively as Exhibit A.

2.      Pursuant to 28 U.S.C. § 1446(b)(3), Defendant has 30 days from the service of the Complaint to seek removal of the action to this Court – until October 12, 2021.[1] Accordingly, this Notice of Removal is timely filed.

3.      Plaintiff seeks damages for injuries allegedly caused by a three-car chain reaction auto-accident in East St. Louis Township located in St. Clair County. *See* Compl. ¶ 8.

---

[1] According to FED. R. APP. P. 26, if the period would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday. Columbus Day is a legal holiday as outlined in the rule; therefore, the deadline is October 12, 2021.

4.     The Twentieth Circuit Court for St. Clair County, Illinois, is located within the Southern District of Illinois. Therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a).

5.     At all relevant times Plaintiff has been a resident and citizen of Illinois. *See* Compl. ¶ 6.

6.     Climax is, and has been at all relevant times, a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Arizona. Thus, Climax is a citizen of Arizona and Delaware.

7.     Defendant Windy Hill Creek Farm, LLC, is, and has been at all relevant times, a corporation incorporated under the laws of the State of South Carolina. *See* Compl. ¶ 1.

8.     Defendant Augusta Fiberglass Coatings, Inc., is, and has been at all relevant times, a corporation incorporated under the laws of the State of South Carolina. *See* Compl. ¶ 2.

9.     Defendant Richard L. Schrock is, and has been at all relevant times a resident and citizen of South Carolina. *See* Compl. ¶ 4.

10.     Alleged Defendant Lisa Lord is, and has been at all relevant times, a resident and citizen of Illinois. *See* Compl. ¶ 5.

11.     There are no specific allegations made against Lisa Lord in Plaintiffs' Complaint.

12.     Lisa Lord is not listed as a Defendant in the case name in Plaintiffs' Complaint.

13.     Lisa Lord was never issued a summons. To date, four summons have been issued and not one of them was issued to her.

14.     Lisa Lord is improperly joined in this case to prevent removal to this Court. For removal to be successful, in this case, Climax must prove that Lisa Lord was fraudulently joined.

## I.     <u>Fraudulent Joinder</u>

The Seventh Circuit has recognized two different ways for the removing party to establish improper/fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 756 (7th Cir. 2009); *Walton v. Bayer Corp.*, 643 F.3d 994, 1001 (7th Cir. 2011).

Under that second method of establishing improper joinder, The Seventh Circuit has established the following test: the removing party has the burden of showing that there is no possibility that the non-removing party could successfully prosecute a cause of action in state court under state law against the defendant whose joinder is questioned. *Schur*, 577 F.3d at 756; *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). To determine whether the plaintiff has any possibility of recovery, the court should conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. *Schur*, 577 F.3d at 756.

Courts have "consistently recognized that diversity removal may be based on evidence outside the pleadings to establish that the plaintiff has no possibility of recovery on the claim or claims asserted against the named resident defendant and that hence such defendant is fraudulently joined and his citizenship must be disregarded for jurisdictional purpose." *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 389–90 (5th Cir. 2000); s*ee also, e.g.*, *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992).

II.     **Facts of this Case**

This case involves a rear-end auto-accident involving three cars, rather than two. According to the Complaint, Richard Schrock's ("Schrock") vehicle struck the vehicle driven/occupied by Timothy & Marilyn Tappendorf ("the Tappendorfs"). The Tappendorfs

vehicle then struck the vehicle driven by with Lisa Lord; as a result of Schrock's collision with the Tappendorfs. Schrock was cited for failure to reduce speed to avoid an accident and was deemed at fault.

### III.   Proving Fraudulent Joinder by Establishing a 12(b)(6) Analysis

In a practically identical case, *Stone v. Lyons*, 178 Ill. App. 3d 448, 450. 533 N.E.2d 433 (1988), Stone was involved in "stop and go" traffic conditions behind a line of cars that were stopped for a red light. Stone was involved in a rear-end auto-accident involving three cars. *Id*. Lyon's vehicle struck the vehicle driven by Laspisa. *Id*. Laspisa's vehicle then struck the car driven by Stone; because of Lyon's collision with Laspisa. *Id*. Both Lyon and Laspisa were cited for failure to reduce speed to avoid a collision. *Id*. The First District Appellate Court of Illinois agreed that there was no disputed evidence that Lyon's vehicle struck Laspisa's car; thus, pushing into Stone's car. *Id*. at 453. Therefore, Stone was not at fault; meaning no defendant could establish a prima facie case against her. *Id*. The First District Appellate Court of Illinois affirmed that in a three-car collision, the front car (the last car to be struck in the three-car accident) is a Plaintiff without fault. *Id*.; *see Martinez v Rodriguez*, 2012 N.Y. Misc. LEXIS 2106, *14 (describing how the last car to be struck in a three-car collision is not at fault); *see Elliott v Contreras*, 2019 N.Y. Misc. LEXIS 4968, *2 (explaining that cars being propelled forward in a chain reaction collision are not at fault. The car who initially started the accident is negligent).

Like *Stone*, Lisa Lord was the last car to be struck in a three-car auto-accident because the Plaintiffs' vehicle pushed into her car from behind. *Stone*, 178 Ill. App. 3d at 453. Here, there is no evidence to suggest that Lisa Lord was at fault because Schrock was cited for a failure to reduce speed, just like the defendants in *Stones*. *Id*. To further support that the Tappendorfs

cannot establish a claim of negligence against Lord is that the present case does not deal with "stop and go" traffic, unlike *Stones*. *Id*. It is harder to establish fault when traffic is "stop and go," in contrast to the present proceeding where there is no evidence of such.

Moreover, in *Elliot v. Contreras*, the plaintiff was involved in a five car rear-end accident. 2019 N.Y. Misc. LEXIS 4968, *1. The Court confirmed that the car being propelled forward in a chain reaction auto collision is a non-negligent offense. *Id*. at *3. *Elliot* follows the same logics and principals that the First District Appellate Court of Illinois used in *Stone*. *Id*.; *Stone*, 178 Ill. App. 3d at 453.

Therefore, Plaintiffs cannot establish any claim against Lisa Lord for she is not at fault for any part of this accident. As a result, she was fraudulently joined and should not be a defendant.

## IV.   All Defendants Consent Pursuant to 28 U.S.C. §1446 (b)(2)(A)

According to 28 U.S.C. § 1446 (b)(2)(A), all defendants must consent to the removal motion. Here, all defendants have consented to this motion. Below are two Exhibits (B & C) establishing consent to removal by all defendants involved in this case.

Plaintiffs seeks damages in excess of $75,000 for this auto-accident involving three cars. Therefore, it is plausible from the face of the Complaint that Plaintiff seeks damages in excess of $75,000, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

In sum, this Court has original subject matter jurisdiction over this action based on § 1332(a) because there is complete diversity of citizenship between all parties (Plaintiff and Defendants) and the amount in controversy exceeds $75,000.

Defendant reserves the right to amend or supplement this Notice of Removal and reserve all defenses.

The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Twentieth Judicial Circuit Court for the County of St. Clair, Illinois and promptly served on Plaintiffs.

DATED: October 12, 2021

Respectfully submitted,
HUSCH BLACKWELL LLP

By: */s/ Brandan P. Mueller*
   Brandan P. Mueller, #6275562
   190 Carondelet Plaza, Suite 600
   St. Louis, MO 63105
   Telephone: (314) 480-1500
   Facsimile: (314) 480-1505
   brandan.mueller@huschblackwell.com
   **ATTORNEYS FOR DEFENDANT**
   **CLIMAX MOLYBDENUM COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 12th day of October 2021, I electronically filed the foregoing Notice to Plaintiff of Removal with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of the Notice of Removal was caused to be served upon the following counsel via United States mail:

Shaun Lieser
Lieser Law Firm, LLC
1034 S. Brentwood BLCD.
Suite PH-1C
St. Louis, MO 63117

*/s/ Brandan P. Mueller*