IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARILYN TAPPENDORF and TIMOTHY TAPPENDORF,<br><br>  Plaintiffs,<br><br>v.<br><br>WINDY HILL CREEK FARM, LLC, AUGUSTA FIBERGLASS COATINGS, INC., CLIMAX MOLYBDENUM COMPANY, and RICHARD L. SCHROCK<br><br>  Defendants. | Case No. 21-CV-01247-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

In October 2021, Plaintiffs Marilyn Tappendorf and Timothy Tappendorf brought this action stating they sustained injuries when their vehicle was struck by Defendant Richard L. Schrock's vehicle (Doc. 1-1, p. 17-18). The Tappendorfs allege that Defendant Climax Molybdenum Company is the employer and principal of Schrock. (*Id.* at p. 17). The Tappendorfs also allege that Defendants Windy Hill Creek Farm LLC and Augusta Fiberglass Coatings, Inc. were also the employer and principal of Schrock. (*Id.* at p. 16). Climax moved for dismissal on the Tappendorf complaint (Docs. 15, 16). Climax states that it was not the employer of Schrock and Shrock was not the agent of the company (Doc. 16, p. 2). Climax also states that the Court lacks personal jurisdiction over it (*Id.* at pp. 3-9).

A response to the Motion to Dismiss was due on November 18, 2021. The

Tappendorfs did not respond to Climax's Motion to Dismiss. Instead, several days after the due date, on November 22, 2021, they filed a motion for leave to conduct jurisdictional discovery in which they incorrectly claim that a response was due on November 22, 2021.

Once a defendant moves to dismiss based on the lack of personal jurisdiction, the burden falls on the plaintiff to demonstrate that jurisdiction exists. *Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 697 (7th Cir. 2015). The Tappendorfs did not respond to Climax's Motion to Dismiss. Pursuant to LOCAL RULE 7.1(c), "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." The United States Court of Appeals for the Seventh Circuit has also stated that "a district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss." *Boogaard v. Natl. Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) (citations omitted). The Court will still ensure that the arguments made by Climax properly substantiate its assertions of entitlement to dismissal.

General jurisdiction exists only when the affiliations with the state in which suit are brought are so constant and pervasive as to render it essentially at home in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). Corporations are considered "at home" in the state of their incorporation or their principal place of business. *Id.* at 137. Only in an "exceptional case" can a court exercise general jurisdiction in a forum that is not "the corporation's place of incorporation [or] its principal place of business." *BNSF Ry. Co. v. Tyrell,* 137 S. Ct. 1549, 1558 (2017) (citations omitted). Additionally, general jurisdiction exists when a corporation's

contacts with a state are so "continuous and systematic" with the state to render it "essentially at home in the forum state." *Daimler*, 571 U.S. at 139.

Climax is a Delaware corporation with its principal place of business in Arizona. The Tappendorfs' Complaint contains no allegations demonstrating that this is an "exceptional case" where Climax's contacts with Illinois are so "continuous and systematic" as to render it essentially "at home" in Illinois. Therefore, the Complaint provides no basis for this Court to exercise general jurisdiction over the Tappendorfs' claims against Climax.

Furthermore, for specific jurisdiction to exist, a defendant's activity must fall within the state's long-arm statute. The long-arm statute in Illinois permits courts to exercise jurisdiction on any basis permitted by the Due Process Clause of the Fourteenth Amendment. *See* 735 ILCS 5/2-209(c). Due Process requires that a defendant have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

A defendant has established the necessary minimum contacts with a forum state when they have purposefully availed themselves of the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). However, contacts with the state due to random, fortuitous, or attenuated circumstances are insufficient. *Id*. Further, where a defendant places goods into the stream of commerce, the defendant must purposefully avail itself of the forum through conduct targeting the State. *McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 882 (2011). It is not enough that the defendant might have predicted that its goods will reach the forum state. *Id*.

Here, the Tappendorfs have failed to plead facts indicating that Climax has purposefully availed itself to the jurisdiction of Illinois by any conduct targeting the state. Additionally, Climax appears to have no affiliation with the accident at issue based on the signed declaration of its human resources official (Doc. 16-1). Thus, Climax's contacts with Illinois are not sufficiently connected to the Tappendorfs' claims to meet the minimum contacts threshold, and the Court does not have specific jurisdiction over Climax.

## Conclusion

Accordingly, the Court **GRANTS** Defendant Climax Molybdenum Company's Motion to Dismiss (Doc. 15). Climax Molybdenum Company is **DISMISSED without prejudice** from this action. The Clerk of Court is **DIRECTED** to terminate Climax Molybdenum Company. The Motion for Leave to Conduct Jurisdictional Discovery (Doc. 20) is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

DATED:  December 15, 2021

s/ <u>*Stephen P. McGlynn*</u>
STEPHEN P. McGLYNN
**U.S. District Judge**